UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANDREA C. RUIZ,
and other similarly situated individuals,

     Plaintiff,

v.

RINCONCITO ROSY CORP,
ROSALINA J. AMAYA,
BUENAVENTURA MORENO,
Individually,

     Defendants,

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, ANDREA C. RUIZ, by and through the undersigned counsel, and hereby sues Defendants RINCONCITO ROSY CORP, ROSALINA J. AMAYA, and BUENAVENTURA MORENO, individually, and alleges:

1.  This is an action to recover money damages for unpaid minimum, overtime wages, and retaliation under the United States laws. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2.  Plaintiff ANDREA C. RUIZ is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3.  Defendant RINCONCITO ROSY CORP, (hereinafter RINCONCITO ROSY, or Corporate Defendant) is a Florida Corporation having place of business in Miami

Florida, within the jurisdiction of this Court. At all times, the Defendant was and is engaged in interstate commerce. Defendant RINCONCITO ROSY is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. Individual Defendants ROSALINA J. AMAYA, and BUENAVENTURA MORENO are the owners/partners/officers and managers of Defendant Corporation RINCONCITO ROSY. These Individual Defendants are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within the jurisdiction of this Court.

FACTUAL ALLEGATIONS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants minimum wages and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after May 2021 (the "material time") without being compensated minimum overtime wages pursuant to the FLSA.

7. Defendant RINCONCITO ROSY is a Cuban café/restaurant opened 7 days a week. The business is located at 11735 SW 147th Avenue, Suite #38, Miami, FL 33196, where Plaintiff worked.

8.   Defendants RINCONCITO ROSY, ROSALINA J. AMAYA, and BUENAVENTURA MORENO employed Plaintiff ANDREA C. RUIZ as a non-exempted, full-time, hourly restaurant employee, from May 30, 2021, through October 16, 2021, or 20 weeks.

9.   Plaintiff was hired as a waitress, and she was paid the Florida minimum wages for tipped employees, or 5.63 an hour, plus tips.

10.  Plaintiff worked a regular schedule of 6 days per week. Plaintiff had Tuesdays off, and she worked Mondays, Thursdays, Fridays, Saturdays, and Sundays from 3:00 PM to 9:30 (6.5 hours each day), or later. On Wednesdays, Plaintiff worked from 10:00 AM to 9:30 PM (11.5 hours). Plaintiff worked a minimum of 45 hours every week. Plaintiff did not take bonafide lunch breaks.

11.  Plaintiff was paid for 40 regular hours at the rate of $5.63 plus tips and some overtime hours at the rate of $8.45. Plaintiff was paid bi-weekly in cash or with a check comingling the payment for regular hours, tips, and overtime. Plaintiff was unable to check the amount of tips, or overtime payment received.

12.  Plaintiff was hired as a waitress, and she was paid as a tipped employee. However, while employed by Defendants, every day Plaintiff performed many hours of non-tippable general restaurant and janitorial work. Plaintiff had duties cleaning bathrooms, mopping floors, cleaning windows, cleaning appliances, taking phone orders, packing food orders for takeout, curbside, and delivery, preparing coffee and juices, re-stocking supplies. These non-tippable activities were not incidental to Plaintiff's position as a waitress and represented more than 70% of Plaintiff's working hours. Every week, Plaintiff spent more than 28 hours performing non-tippable activities the activities that were incorrectly paid at the rate of $5.63.

13. Plaintiff is entitled to received full minimum wages for at least 28 hours for every week that she worked for Defendants.

14. Plaintiff worked more than 40 hours weekly, and she was paid for some overtime hours at the rate of $8.45. Defendants failed to calculate Plaintiff's overtime rate based on the full-minimum wage rate, and they failed to pay Plaintiff for every overtime hour worked.

15. Plaintiff clocked in and out and Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals. Nevertheless, Plaintiff did not have access to check her total number of hours worked within a week.

16. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

17. Plaintiff was not in agreement with the rate and the number of overtime hours paid and on or about October 08, 2021, she complained to the owner of the business, ROSALINA J. AMAYA. Plaintiff complained and demanded to be paid for all her overtime hours at the correct rate. ROSALINA J. AMAYA told Plaintiff that she was being paid overtime hours at the rate for tipped employee, she also proffered some threats against Plaintiff and suggested that things would be worst for her due to her complaints.

18. The following week, Plaintiff was called by ROSALINA J. AMAYA, and she told Plaintiff that she was very upset because she found out that Plaintiff was trying to check her hours in the computer.  ROSALINA J. AMAYA told Plaintiff that she was really offended because Plaintiff did not trust her Employers and she was trying to verify her

hours. ROSALINA J. AMAYA prohibited Plaintiff to access the computer to check her hours again.

19. After   Plaintiff's complaint, she suffered a hostile working environment, she was subjected to excessive job scrutiny, surveillance, and her Supervisor, Oscar LNU, blamed Plaintiff and reprimanded her for everything that went wrong at the restaurant.

20. On or about October 16, 2021, Plaintiff was forced to leave her job, she could not stand the hostile working environment created for her because she complained about her overtime hours.

21. On or about October 16, 2021, Plaintiff was constructively discharged due to her complaints about overtime payment and due to discriminatory reasons. Plaintiff is in the process of filing her Charge of Discrimination with the U.S Equal Employment Opportunity Commission (EEOC).

22. Plaintiff seeks to recover minimum wages, overtime hours, retaliatory damages, liquidated damages, as well as any other relief as allowable by law.

23. Plaintiff has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class in this action and is obligated to pay reasonable attorneys' fees and costs.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

24. Plaintiff ANDREA C. RUIZ re-adopts every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. Defendant RINCONCITO ROSY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a

Cuban restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

27. Defendants RINCONCITO ROSY, ROSALINA J. AMAYA, and BUENAVENTURA MORENO employed Plaintiff ANDREA C. RUIZ as a non-exempted, full-time, hourly restaurant employee, from May 30, 2021, through October 16, 2021, or 20 weeks.

28. Plaintiff was hired as a waitress, and she was paid the Florida minimum wages for tipped employees, or 5.63 an hour, plus tips.

29. During her employment with Defendants Plaintiff worked a regular schedule of 6 days per week, with a minimum average of 45 hours weekly. Plaintiff did not take bonafide lunch breaks.

30. Plaintiff was paid for 40 regular hours at the rate of $5.63 plus tips, and some overtime hours at the rate of $8.45.

31. Plaintiff worked more than 40 hours weekly, and she was paid for some overtime hours at the rate of $8.45.

32. Defendants failed to calculate Plaintiff's overtime rate based on the full-minimum wage rate, and they failed to pay Plaintiff for every overtime hour worked.

33. Since Plaintiff was paid bi-weekly in cash or with a check comingling the payment for regular hours, tips and overtime, Plaintiff was unable to check the amount of tips, or overtime payment received.

34. Plaintiff worked more than 40 hours, but she was not paid for all her overtime hours.

35. Defendants failed to calculate Plaintiff's overtime rate based on the full-minimum wage rate, and they failed to pay Plaintiff for every overtime hour worked.

36. Plaintiff clocked in and out and Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals. Nevertheless, Plaintiff did not have access to check her total number of hours worked within a week.

37. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

38. Plaintiff was paid bi-weekly with cash, without any paystub or record showing the number of days and hours worked, job classification, wage rate, tips received, employment taxes withheld, etc.

39. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and

complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

40. Plaintiff is not in possession of time and payment records. Still, before the completion of discovery, she will provide a good faith estimate of unpaid overtime wages based on her best knowledge. Later, Plaintiff will adjust her statement of claim according to discovery.

41. *Florida's minimum wage is higher than the federal minimum wage. Therefore, as per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid O/T wages:</u>

      One Thousand Two Hundred Ninety-Eight Dollars and 00/100 ($1,298.00)

   b. <u>Calculation of such wages:</u>

      Total weeks of employment:  20 weeks
      Total relevant number of weeks: 20 weeks
      Total hours worked: 45 weekly
      Unpaid O/T hours: 5 O/T hours weekly
      Regular rate: $5.63 an hour
      Florida Minimum Wage: $8.65 x 1.5=$12.98
      O/T rate: $12.75

      $O/T $12.98 x 5 O/T hours=$64.90 weekly x 20 weeks=$1,298.00

   c. <u>Nature of wages (e.g., overtime or straight time):</u>

      This amount represents unpaid overtime wages.

42. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay her at the

rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

43. At the times mentioned, individual Defendants ROSALINA J. AMAYA and BUENAVENTURA MORENO were the owners/partners, and they directed operations of RINCONCITO ROSY. Defendants ROSALINA J. AMAYA and BUENAVENTURA MORENO were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of RINCONCITO ROSY concerning its employees, including Plaintiff and others similarly situated. Defendants ROSALINA J. AMAYA and BUENAVENTURA MORENO had financial and operational control of the business, provided Plaintiff with her work schedule, and they are jointly and severally liable for Plaintiff's damages.

44. Defendants knew and showed a reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

45. Defendants RINCONCITO ROSY, ROSALINA J. AMAYA, and BUENAVENTURA MORENO willfully and intentionally refused to pay Plaintiff ANDREA C. RUIZ overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

46. Plaintiff seeks to recover unpaid overtime wages accumulated from hiring to her last day of employment.

47. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANDREA C. RUIZ and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ANDREA C. RUIZ and other similarly situated and against the Defendants RINCONCITO ROSY, ROSALINA J. AMAYA, and BUENAVENTURA MORENO, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.


JURY DEMAND

Plaintiff ANDREA C. RUIZ and those similarly situated demand trial by a jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

48. Plaintiff ANDREA C. RUIZ re-adopts every factual allegation as stated in paragraphs 1-23 of this Complaint as if set out in full herein.

49. This action is brought by Plaintiff ANDREA C. RUIZ and those similarly situated to recover from the Employers RINCONCITO ROSY, ROSALINA J. AMAYA, and BUENAVENTURA MORENO unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

50. Defendant RINCONCITO ROSY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Cuban restaurant. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

51. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

52. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

53. Defendants RINCONCITO ROSY, ROSALINA J. AMAYA, and BUENAVENTURA MORENO employed Plaintiff ANDREA C. RUIZ as a non-exempted, full-time, hourly restaurant employee, from May 30, 2021, through October 16, 2021, or 20 weeks.

54. Plaintiff was hired as a waitress, and she was paid the Florida minimum wages for tipped employees, or 5.63 an hour, plus tips.

55. Plaintiff worked a regular schedule of 6 days per week a minimum average of 45 hours weekly.

56. Plaintiff was paid for 40 regular hours at the rate of $5.63 plus tips and some overtime hours at the rate of $8.45. Plaintiff was paid bi-weekly in cash or with a check comingling the payment for regular hours, tips, and overtime. Plaintiff was unable to check the amount of tips, or overtime payment received.

57. Plaintiff was hired as a waitress, and she was paid as a tipped employee. However, while employed by Defendants, every day Plaintiff performed many hours of non-tippable general restaurant and janitorial work. Plaintiff had duties cleaning bathrooms, mopping floors, cleaning windows, cleaning appliances, taking phone orders, packing food orders for takeout, curbside, and delivery, preparing coffee and juices, re-stocking supplies. These non-tippable activities were not incidental to Plaintiff's position as a waitress and represented more than 70% (at least 28 hours) of Plaintiff's working hours. Every week, Plaintiff spent more than 28 hours performing non-tippable activities that were

incorrectly paid at the rate of $5.63. Plaintiff spent only about 12 hours per week performing as a waitress receiving tips from customers.

58. Plaintiff is entitled to received full minimum wages for at least 28 hours for every week that she worked for Defendants.

59. Plaintiff clocked in and out and Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals. Nevertheless, Plaintiff did not have access to check her total number of hours worked within a week.

60. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

61. The records, if any, concerning the number of hours worked by Plaintiff ANDREA C. RUIZ and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

62. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Florida minimum wage is higher than federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. Total amount of alleged unpaid wages:

      One Thousand Six Hundred Ninety-One Dollars and 20/100 ($1,691.20)

   b. Calculation of such wages:

Total weeks of employment: 20 weeks
Relevant weeks of employment: 20 weeks
Total number of hours worked:  40 hours
Wage rate paid: $5.63
Number of non-tippable of hours worked: 28 hours paid at $5.63 an hour
Florida minimum wage 2021:  $8.65 an hour- $5.63 rate paid=$3.02 difference

$3.02 Min. wage difference x 28 hours=$84.56 weekly x 20 weeks=$1,691.20

  c.  <u>Nature of wages:</u>

This amount represents unpaid minimum wages at the Florida minimum wage
rate.

63. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants, and Plaintiff and those similarly situated are entitled to recover double damages.

64. At times mentioned, individual Defendants ROSALINA J. AMAYA and BUENAVENTURA MORENO were the owners/partners, and they directed operations of RINCONCITO ROSY. Defendants ROSALINA J. AMAYA and BUENAVENTURA MORENO were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of RINCONCITO ROSY concerning its employees, including Plaintiff and others similarly situated. Defendants ROSALINA J. AMAYA and BUENAVENTURA MORENO had financial and operational control of the business, provided Plaintiff with her work schedule, and they are jointly and severally liable for Plaintiff's damages.

65. Defendants RINCONCITO ROSY, ROSALINA J. AMAYA, and BUENAVENTURA MORENO willfully and intentionally refused to pay Plaintiff minimum wages, as required by the United States law, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

66. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANDREA C. RUIZ and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ANDREA C. RUIZ and against the Defendants RINCONCITO ROSY, ROSALINA J. AMAYA, and BUENAVENTURA MORENO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff ANDREA C. RUIZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3);**

## RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

67. Plaintiff ANDREA C. RUIZ re-adopts every factual allegation as stated in paragraphs 1-23 of this Complaint as if set out in full herein.

68. Defendant RINCONCITO ROSY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Cuban restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

69. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

70. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

71. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

72. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

73. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

74. Defendants RINCONCITO ROSY, ROSALINA J. AMAYA, and BUENAVENTURA MORENO employed Plaintiff ANDREA C. RUIZ as a non-exempted, full-time, hourly restaurant employee, from May 30, 2021, through October 16, 2021, or 20 weeks.

75. Plaintiff was hired as a waitress, and she was paid the Florida minimum wages for tipped employees, or 5.63 an hour, plus tips.

76. Plaintiff worked a regular schedule of 6 days per week, a total of 45 hours. Plaintiff did not take bonafide lunch breaks.

77. Plaintiff was paid for 40 regular hours at the rate of $5.63 plus tips and some overtime hours at the rate of $8.45. Plaintiff was paid bi-weekly in cash or with a check comingling the payment for regular hours, tips, and overtime. Plaintiff was unable to check the amount of tips, or overtime payment received.

78. Plaintiff was hired as a waitress, and she was paid as a tipped employee. However, while employed by Defendants, every day Plaintiff performed many hours of non-tippable general restaurant and janitorial work. These non-tippable activities were not incidental to Plaintiff's position as a waitress and represented more than 70% of Plaintiff's working

hours. Every week, Plaintiff spent more than 28 hours performing non-tippable activities the activities that were incorrectly paid at the rate of $5.63.

79. Plaintiff is entitled to received full minimum wages for at least 28 hours for every week that she worked for Defendants.

80. Plaintiff worked more than 40 hours weekly, and she was paid for some overtime hours at the rate of $8.45. Defendants failed to calculate Plaintiff's overtime rate based on the full-minimum wage rate, and they failed to pay Plaintiff for every overtime hour worked.

81. Plaintiff clocked in and out and Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals. Nevertheless, Plaintiff did not have access to check her total number of hours worked within a week.

82. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

83. Plaintiff was not in agreement with the rate and the number of overtime hours paid and on or about October 08, 2021, she complained to the owner of the business, ROSALINA J. AMAYA. Plaintiff complained and demanded to be paid for all her overtime hours at the correct rate. ROSALINA J. AMAYA told Plaintiff that she was being paid overtime hours at the rate for tipped employee, she also proffered some threats against Plaintiff and suggested that things would be worst for her due to her complaints.

84. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

85. The following week, ROSALINA J. AMAYA called Plaintiff and told her that she was very upset because she found out that Plaintiff was trying to check her hours in the

computer.  ROSALINA J. AMAYA told Plaintiff that she was really offended because Plaintiff did not trust her Employers and she was trying to verify her hours. ROSALINA J. AMAYA prohibited Plaintiff to access the computer to check her hours again.

86. After Plaintiff's complaint, she suffered harassment. Plaintiff was subjected to excessive job scrutiny, surveillance, and her Supervisor, Oscar LNU, blamed Plaintiff and reprimanded her for everything that went wrong at the restaurant. Plaintiff was isolated and suffered a hostile working environment.

87. On or about October 16, 2021, Plaintiff was forced to leave her job, she could not stand the hostile working environment created for her because she complained about her overtime hours.

88. Thus, on or about October 16, 2021, Plaintiff was constructively discharged, because after she complained about overtime payment, Defendants deliberately harassed her and created unfair working conditions that any reasonable person could not accept, and she was forced to resign.

89. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than unlawful employment practices to constructively discharge Plaintiff.

90. The constructive discharge of Plaintiff ANDREA C. RUIZ by the Defendants was directly and proximately caused by unjustified retaliation against Plaintiff because she complained about missing overtime hours and incorrect pay rate, in violation of the FLSA.

91. Moreover, Plaintiff's termination came just in temporal proximity immediately after Plaintiff participated in protected activity.

92. At times mentioned, individual Defendants ROSALINA J. AMAYA and BUENAVENTURA MORENO were the owners/partners, and they directed operations of RINCONCITO ROSY. Defendants ROSALINA J. AMAYA and BUENAVENTURA MORENO were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of RINCONCITO ROSY concerning its employees, including Plaintiff and others similarly situated. Defendants ROSALINA J. AMAYA and BUENAVENTURA MORENO had financial and operational control of the business, provided Plaintiff with her work schedule, and they are jointly and severally liable for Plaintiff's damages.

93. Defendants RINCONCITO ROSY, ROSALINA J. AMAYA, and BUENAVENTURA MORENO willfully and maliciously retaliated against Plaintiff ANDREA C. RUIZ by engaging in harassing actions that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising her rights under 29 U.S.C. 215(a)(3).

94. The motivating factor which caused Plaintiff ANDREA C. RUIZ to be constructively discharged, as described above was her complaints about the unlawful missing payment for overtime hours.

95. Defendants' adverse actions against Plaintiff ANDREA C. RUIZ were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

96. Plaintiff ANDREA C. RUIZ has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANDREA C. RUIZ respectfully requests that this Honorable Court:

A.  Enter judgment declaring that the firing of Plaintiff ANDREA C. RUIZ by Defendants RINCONCITO ROSY, ROSALINA J. AMAYA, and BUENAVENTURA MORENO, was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B.  Enter judgment against Defendants RINCONCITO ROSY, ROSALINA J. AMAYA, and BUENAVENTURA MORENO, awarding Plaintiff ANDREA C. RUIZ liquidated damages in an amount equal to the amount awarded as consequential damages;

C.  For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D.  Enter judgment awarding Plaintiff reasonable Attorney's fees and costs of this suit; and

E.  Grant such other and further relief as this Court deems necessary and proper.

<u>JURY DEMAND</u>

Plaintiff ANDREA C. RUIZ demands trial by a jury of all issues triable right by a jury.

Dated:  November 16, 2021,

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*